█ ROBERT G. McKEON et al., Appellants-Respondents, v. STATE OF NEW YORK, Respondent-Appellant. (Claim No. 45444.) — GABRIELLI, J. Appeal from a judgment entered January 24, 1967, upon a decision of the Court of Claims. An award for direct damages resulting from the appropriation of claimants' land, upon which was their dwelling, has been made and they contend that it should be increased or, in the alternative, a new trial ordered. In support of their claim for damages, claimants' sole proof thereof rested on cost of reproduction less depreciation and urge the propriety of valuation by this method because of the quality construction of the dwelling and the unusual landscaping of the grounds. While these may be factors to be considered in making adjustments between this property and other comparable sales, they do not render the house a specialty to permit the use of a cost approach. (See *Evans* v. *State of New York*, 31 A D 2d 565; *Washburn* v. *State of New York*, 26 A D 2d 845; *Nuccitelli* v. *State of New York*, 25 A D 2d 700; *Guthmuller* v. *State of New York*, 23 A D 2d 597.) Under these circumstances no prejudice can be charged to the court's action in striking the expert's testimony as to valuation based on cost, at the time of rendering its decision. Unlike *Evans*, however, we are unable to find any evidence, produced either by claimants or by the State, which can support an award. The State had cross-appealed but has withdrawn its appeal and asks that the judgment be affirmed, contending that the trial court's award is substantiated by proof based on comparables offered by the State. An examination of the decision below and the record as a whole reveals that the court actually disregarded the comparables offered by the State. Much of the value of claimants' residence was based on unusual materials and construction of the interior. The State's expert referred to other homes without, as the court found, having " been inside of any of the comparable sales properties and that he was not familiar with any of the interiors ", rendering it impossible for the expert to truly make any comparison or adjustment and resulting in a conclusion based on mere speculation. If the court relied on comparables, they " are not satisfactory comparables under the circumstances." (*County of Warren* v. *State of New York*, 29 A D 2d 717; *Kingsbury* v. *State of New York*, 27 A D 2d 893.) In the interests of justice a new trial should be had on which damages may be shown by competent proof. Judgment reversed, on the law and the facts and in the interests of justice, without costs, and a new trial ordered. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.